# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| ALVIN JONES, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | CAUSE NO. 3:08-CV-0499 WL |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) ) ) ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Alvin Jones submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a disciplinary hearing at the Westville Correctional Facility. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons

for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Envelopes purporting to be from the Allen Superior Court addressed to Mr. Jones arrived at the WCF. Staff members opened the envelopes and found four cell phones and fifteen ounces of tobacco. He was charged with, and found guilty of, attempted trafficking.

In ground one of his petition, Jones asserts that officials did not follow Indiana Department of Correction ("IDOC") policy because they opened the envelopes outside his presence, thus denying him the right to immediately disclaim that the envelopes were meant for him. He states that he had no pending cases in the Allen Superior Court. In ground three, he asserts that there was a duplication of charges, in violation of IDOC disciplinary procedures. And in ground four he asserts that the Disciplinary Hearing Board postponed the hearing twice in violation of IDOC policy.

Section 2254(a) provides that federal courts "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995), and violations of prison disciplinary policies, such as those alleged by this petitioner, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765 , 774-75 (N.D.Ind. 1997).

2

Accordingly, that the DHB may not have followed procedures established by the Indiana Department of Correction states no claim upon which habeas corpus relief can be granted. That Jones was not able to deny the envelopes were his when they first arrived at the facility does not violate his due process rights because he was afforded the right guaranteed by *Wolff v. McDonnell* to present evidence at the hearing that the envelopes were not his.

In ground two of his petition, Jones asserts that the evidence was not sufficient to support a finding that he was guilty of attempted trafficking. The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. at 455. The "some evidence" standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id*. at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 457.

In this case, it is undisputed that contraband was found in incoming mail addressed to Jones. This provides some evidence to support a finding of guilt on the charge of attempted trafficking. The petitioner argues that there is evidence suggesting that he was not involved: that he has never had any cases in the Allen Superior Court and that his visitor and phone lists suggest he has no contacts with Allen County. But Jones presented these arguments to the DHB and lost, and in a habeas action this court does not have the

authority to re-weigh the evidence.

For the foregoing reasons, the court DISMISSES this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on February 3, 2009

**s/William C. Lee**
William C. Lee, Judge
United States District Court
